Andrew W. Stavros (8615)
Michele Anderson-West (9249)
**STAVROS LAW P.C.**
11693 South 700 East, Suite 200
Draper, Utah 84020
Tel: 801.758.7604
Fax: 801.893.3573
andy@stavroslaw.com
michele@stavroslaw.com

*Attorneys for Plaintiff Melinda Capson*

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELINDA CAPSON,<br><br>   Plaintiff,<br><br>vs.<br><br>APARTMENT MANAGEMENT CONSULTANTS, L.L.C.<br><br>   Defendant. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br><br>Case No.:2:17-cv-00113-DB<br><br>Judge Dee Benson |

Plaintiff Melinda Capson, by and through her attorneys, brings this complaint against Defendant Apartment Management Consultants, L.L.C. ("Defendant") for violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*. ("FMLA").

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of the State of Utah.

2. Defendant is a limited liability corporation, organized under the law of the State of Utah, and conduct business affecting commerce in the State of Utah.

3. This Court has jurisdiction over Plaintiff's claims asserted herein pursuant to 29 U.S.C. §2617 and 28 U.S.C. §1331.

4. The employment practices alleged to be unlawful were committed in Salt Lake County, State of Utah, which is within the jurisdiction of the U.S. District Court for the District of Utah, Central Division.

5. Venue properly lies in the District of Utah, Central Division, pursuant to 28 U.S.C. §1391(b) because claims asserted herein arose in this judicial district.

## FACTUAL ALLEGATIONS

6. Defendant is a full-service property management company with more than 50 employees in the State of Utah.

7. Plaintiff was hired by Defendant on October 30, 2015 to work as a property manager, overseeing its Apartments on the Green Community.

8. Plaintiff worked an average of 40 hours per week and made $52,500 per year.

9. At all times during her employment with Defendant, Plaintiff performed her job duties and responsibilities as a property manager in accordance with the terms of her employment, and Plaintiff's performance either met or exceeded Defendant's expectations of a property manager.

10. On or about November 28, 2016, Plaintiff requested leave under the FMLA.

11. Defendant granted Plaintiff's request for FMLA on November 29, 2016.

12. Plaintiff's FMLA was approved effective November 29, 2016 through December 16, 2016.

13. On or about December 10, 2016 Plaintiff extended her FMLA through December 28, 2016, which extension was approved by Defendant.

14. On or about December 28, 2016, Plaintiff's physician sent a note to Defendant, notifying Defendant that Plaintiff intended to return to work and was fit for duty.

15. Plaintiff returned to work on December 28, 2016.

16. Plaintiff was not reinstated to her previous position as property manager or an equivalent position.

17. Defendant demoted Plaintiff to a position as a "floater."

18. The "floater" position was intermittent and was a much junior position to that of a property manager and required that Plaintiff was on-call rather than having a set schedule.

19. When Plaintiff learned that she was not going to be reinstated to her former or comparable position, she notified Defendant's human resources.

20. Defendant told Plaintiff that it was making changes and Plaintiff could not go back to managing the Apartments on the Green.

21. Plaintiff learned that Defendant 'made the changes' on or around November 30, 2016, when Defendant placed another employee in Plaintiff's former position.

22. On or around December 5, 2016, Plaintiff learned that another property management opportunity was available with Defendant.

23. Plaintiff sent an email to Defendant on December 12, 2016 telling human resources personnel Kristin Schmidt and Heidi Rice that she was interested in filling that position.

24. Plaintiff confirmed that she was well qualified for the open property manager position, having worked for Defendant as a property manager for 18 months.

25. Plaintiff was not even considered for that position.

26. On January 12, 2016 Defendant terminated Plaintiff's employment telling Plaintiff that there were no property management positions available.

## FIRST CAUSE OF ACTION
### (FMLA-Discrimination and Retaliation)

27. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28. Under the FMLA, an eligible employee is entitled to take up to twelve (12) work weeks of leave during a 12-month period, under circumstances such as the employee's serious health condition.

29. Plaintiff was an eligible employee of Defendant under the FMLA.

30. Defendant is in an industry affecting commerce and employs fifty or more people.

31. Defendant is an employer as defined under the FMLA.

32. The FMLA provides that an employee who takes leave must be restored to his/her former position or an equivalent position when returning from leave.

33. FMLA prohibits an employer from discriminating and/or retaliating against an employee for taking FMLA leave or engaging in another protected activity.

34. Plaintiff engaged in a protected activity when she exercised her right to take FMLA.

35. Defendant knew that Plaintiff had requested FMLA.

36. Defendant discriminated and retaliated against Plaintiff for requesting and taking FMLA leave.

37. Defendant demoted Plaintiff because she requested and took FMLA.

38. Defendant terminated Plaintiff's employment because she requested and took

4

FMLA.

39. Defendant's decision to demote Plaintiff to the position of "floater" was motivated by and causally related to Plaintiff's exercise of her FMLA rights.

40. Defendant's decision to terminate Plaintiff's employment was motivated by and causally related to Plaintiff's exercise of her FMLA rights.

41. Defendant's demotion of Plaintiff and its termination of Plaintiff's employment amounts to unlawful discrimination and/or retaliation under the FMLA.

42. Defendant's violation of the FMLA entitles Plaintiff to, including, but not limited to:  all wages, salary, employee benefits, and compensation Plaintiff lost due to Defendant's violations of the FMLA.

43. Pursuant to the FMLA, Defendant is also liable for liquidated damages, interest on such losses, reasonable costs and expert witness fees, attorney's fees, and such further and additional relief as the Court may order.

## JURY DEMAND

Plaintiff demands a trial before a jury of her peers, pursuant to Fed. R. Civ. P. 38.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff Melinda Capson requests judgment and relief against Defendant follows:

(a) Wages, salary, employment benefits, or other compensation denied;

(b) Monetary loss;

(c) Prejudgment interest and post judgment interest, as allowed by law;

(d) Reasonable attorney's fee, reasonable expert witness fees, and other costs of this action;

(e) Liquidated damages;

(f) Compensatory damages in amount to be determined at trial, including damages for emotional distress, loss of enjoyment of life, and other non-pecuniary losses;

(g) Other such relief as the Court deems fair and just.

Dated this 16th day of February, 2017.

STAVROS LAW, P.C.

/s/ Michele Anderson-West
*Attorneys for Plaintiff*